**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.M. and M.M.**

**No. 23-156** (Nicholas County CC-34-2018-JA-128 and CC-34-2018-JA-129)

**MEMORANDUM DECISION**

Petitioner Father E.M.[1] appeals the Circuit Court of Nicholas County's February 21, 2023, order terminating his parental and custodial rights to J.M. and M.M.,[2] arguing that the circuit court erred when it failed to dismiss the DHS's amended petitions, adjudicated him as an abusing parent, and terminated his rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings giving rise to this appeal were previously before this Court. *See In re J.M., M.M., D.M. and W.M.*, Nos. 20-0958 & 20-0992, 2021 WL 5234719 (W. Va. Nov. 10, 2021) (memorandum decision). Succinctly, the proceedings were initiated in August 2018 upon allegations that petitioner failed to seek medical treatment for a child who jumped out of a moving car and he committed domestic violence in front of the children.[3] Thereafter, petitioner was adjudicated by stipulation, admitting that he abused and neglected the children by committing domestic violence in their presence. Petitioner was granted a post-adjudicatory improvement period, multiple extensions, and a post-dispositional improvement period but the mother's drug

---

[1]Petitioner appears by counsel Kenneth J. Barnett. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General James Wegman. Counsel Julia R. Callaghan appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner is the biological grandfather and adoptive father of J.M., M.M., and the two children not at issue.

use continued throughout. Additionally, petitioner tested positive for alcohol in contravention of his improvement period terms. The court terminated his rights in its November 2020 dispositional order for failing to protect the children from the mother's drug use. However, on appeal, this Court found that the circuit court erred by terminating petitioner's rights based on allegations for which he was not adjudicated and for not considering the children's wishes. This Court therefore vacated the court's November 5, 2020, dispositional order. *Id.* at *4, *6. We further remanded the matter to the circuit court for entry of a new dispositional order considering the children's wishes and linking petitioner's failure to protect the children from the mother's drug use to the domestic violence upon which petitioner was adjudicated. *Id.*

Upon remand, the circuit court first ordered the children, the mother, and petitioner to undergo psychological evaluations. During petitioner's evaluation, he denied all allegations of abuse and neglect. Petitioner stated that he only stipulated to allegations of domestic violence at his attorney's direction. He stated that D.M. lied about domestic violence and drug use in the home and that the mother's drug tests were falsified. The psychological evaluation determined his prognosis for improved parenting was extremely poor due to his failure to accept responsibility, his minimization of all allegations, his recantation of his stipulation, and his failure to complete an improvement period. The evaluation stated that there are "no services or interventions that this examiner is aware of that could be expected to correct or improve [petitioner's] parenting within a reasonable time, if at all, given his failure to follow the improvement period guidelines set forth by the Court."

In December 2021, the circuit court held a dispositional hearing at which the children testified. J.M., then fourteen years old, and M.M., then fifteen years old, testified that petitioner and the mother disciplined them by hitting them with their hands or a belt but denied any other abuse. D.M., petitioner's child who was seventeen at the time and who is not at issue on appeal, testified that petitioner and the mother often argued over the financial impact of the mother's pill use, and she took the children to drug deals with her. The court ended the hearing to allow the DHS to amend its petition and set the matter for an adjudicatory hearing. Over the next two months,[4] the DHS filed its second, third, and fourth amended petitions. Those petitions alleged that petitioner failed to protect the children from the mother's drug use. Petitioner moved to dismiss the amended petitions for lack of new allegations, but the circuit court deferred ruling on the motion until the conclusion of the adjudicatory hearings.

Over the course of three adjudicatory hearings, the court heard testimony from many witnesses. Petitioner confirmed that he slapped the mother in the mouth and told her to shut up. He further testified that despite the mother's numerous positive drug screens, she did not have a drug problem and insinuated that the screens were falsified. The psychologist who performed the children's psychological evaluations opined that J.M. and M.M. lacked the coping skills and maturity to voice a preference regarding termination of their parents' rights. Additionally, the psychologist who performed the parents' psychological evaluations explained that the mother's drug use impaired her thinking and affected her finances to the detriment of her parenting skills. Based on the evidence presented, the court found that petitioner abused and neglected the children

---

[4]During this time, two of petitioner's four children, including D.M., were dismissed from the proceeding, as they reached the age of eighteen.

by engaging in domestic violence in their presence and failing to protect the children from the mother's drug use. The court also found that petitioner used alcohol and THC despite the requirement in his improvement period that he refrain from drugs and alcohol. The court denied petitioner's motion to dismiss the amended petitions. Petitioner moved for a post-adjudicatory improvement period.

In December 2022, the court held a dispositional hearing. A Child Protective Services ("CPS") employee testified that there were no additional services that could be provided to petitioner to overcome the circumstances that led to the filing of the petitions. In its February 2023 dispositional order, the circuit court terminated petitioner's parental and custodial rights.[5] The court considered the children's wishes but declined to follow J.M. and M.M.'s preference to return to the home. The court noted that the children reported that petitioner and the mother would frequently argue about drugs and finances, yet petitioner minimized the mother's drug use, refused to take responsibility for any abuse or neglect occurring in his home, and failed to prove that he was likely to participate in another improvement period. The court found that petitioner had been provided all possible services and no additional services would resolve the abuse and neglect. Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions at issue and that termination of petitioner's rights was in the children's best interests. It is from this order that petitioner appeals.[6]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner asserts numerous assignments of error, the first of which alleges that the circuit court erred when it refused to dismiss the DHS's amended petitions. Relying upon Rule 19(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings, which permits the filing of an amended petition and the reopening of the adjudicatory hearing "[i]f new allegations arise" after the initial adjudicatory hearing, petitioner argues that none of the allegations in the amended petitions were "new." This argument is entirely without merit, as petitioner readily admits that some allegations were predicated on conduct that occurred *after* the proceedings were initiated, clearly demonstrating that he engaged in new abusive and/or neglectful conduct. *See In re Brandon Lee B.*, 211 W. Va. 587, 590, 67 S.E.2d 597, 600 (2001) ("[F]acts developed after the filing of the petition, or amended petition, may be considered in evaluating the conditions which existed at the time of the filing of the petition or amended petition."). Accordingly, petitioner cannot establish error in the circuit court's refusal to dismiss the amended petitions.[7]

---

[5]The circuit court's order terminated petitioner's "legal, parental, and custodial rights." However, we note that West Virginia Code § 49-4-604(c)(6) only provides for the termination of parental, custodial, and guardianship rights.

[6]The mother's parental and custodial rights were also terminated. The permanency plan for the children is adoption in the current placement.

[7]Petitioner briefly asserts that the children's initial removal was error, but offers no support or citations to the record, thus any argument regarding the children's initial removal will not be

Next, petitioner appears to make arguments relating to his adjudication, asserting that there was no evidence that the mother was using drugs, no abuse and neglect occurred, and the DHS failed to prove the existence of abuse and neglect by clear and convincing evidence.[8] To the extent that petitioner argues his adjudication was error, we disagree. "At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent . . . ." W. Va. Code § 49-4-601(i). The circuit court accepted petitioner's own stipulation that he committed domestic violence. Then, he was adjudicated for domestic violence and failing to protect the children from the mother's drug use based upon the evidence presented to the court at each adjudicatory hearing. That evidence included the testimony of the psychologist who performed petitioner's psychological evaluation, who testified that petitioner failed to acknowledge the mother's drug use and consistently minimized the issues that led to the petitions.[9] Thus, we find no error in the circuit court's adjudication of petitioner.

The remainder of petitioner's assignments of error concern, essentially, the circuit court's termination of his parental and custodial rights. Petitioner argues that the court erred by finding that the conditions of abuse and neglect could not be corrected because petitioner successfully completed his improvement period. We have consistently held that "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged." *In re Timber M.*, 231 W. Va.

---

considered. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (issues mentioned only in passing with no authoritative support are not considered on appeal).

[8]Petitioner raises additional assignments of error in which he relies on authority from other jurisdictions to assert that drug use alone is insufficient to support the mother's adjudication and termination of her rights, and, thus, his adjudication for failing to protect the children from her drug use is insufficient. It is unnecessary to address these arguments, however, because the mother was not adjudicated solely upon her substance abuse, nor were her rights terminated solely upon this issue. Instead, as the record shows, the mother was also adjudicated of perpetrating domestic violence in the home. Petitioner was not adjudicated upon substance abuse, nor were his rights terminated upon this issue. The record shows that petitioner was adjudicated for *failing to protect* the children from the mother's drug use and for perpetrating domestic violence in the home. Further, petitioner denied that domestic violence ever took place, despite having *twice* been adjudicated for this conduct. Simply put, petitioner's position has no basis in the record.

[9]Petitioner also asserts that the psychological evaluations for both parents and the children lacked credibility and should not have been relied upon by the circuit court. However, on appeal petitioner fails to cite to the record to demonstrate that he objected to the introduction of these reports into evidence. *See* W. Va. R. App. P. 10(c)(7) (requiring that a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal"). As such, petitioner has waived any challenge to the introduction of the psychological reports below. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.") (citation omitted).

4

44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Petitioner admitted to striking the mother but denied domestic violence. Petitioner was confronted with the mother's multiple positive drug tests but maintained that she did not have a drug problem.[10] Accordingly, the circuit court found that petitioner failed to acknowledge the problems at issue, thus, there was no reasonable likelihood that those problems could be remedied, and the circuit court did not err.[11]

Petitioner also contends that the court failed to consider less restrictive alternatives. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court made specific findings that petitioner denied any need for improvement and refused to acknowledge the mother's drug use. The record contains ample evidence to support the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that the children's welfare necessitated termination of petitioner's parental and custodial rights, as the children needed continuity of care. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental and custodial rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare). The court *considered* less restrictive alternatives, but ultimately found that termination was the appropriate disposition. Thus, petitioner's argument is without merit.

Finally, petitioner asserts that the circuit court failed to list factors necessary for termination. This argument is incorrect, as the circuit court's twenty-five-page dispositional order

---

[10]Petitioner attacks the circuit court's weight and credibility decisions, arguing that the court erroneously found he knew or should have known of the mother's drug use by citing evidence in his favor. We decline to address these arguments, as "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). Further, petitioner argues the court improperly weighed the children's wishes. However, West Virginia Code § 49-4-604(c)(6)(C) required the circuit court to consider the children's wishes, which it did. That the court declined to follow those wishes is not evidence of error, as petitioner baldly asserts on appeal.

[11]Petitioner further argues that the court's reliance on his positive drug screens and his failure to request additional services was error. This argument lacks a basis in the record, as petitioner's rights were terminated based upon his failure to protect the children and domestic violence. Accordingly, it is unnecessary to address these assertions.

contains sufficient findings pursuant to West Virginia Code § 49-4-604(c)(6)(C).[12] In the order, the circuit court found that the children's best interests were served by removing them from petitioner's care due to the mother's drug abuse and domestic violence in the home. The court also detailed petitioner's failure to acknowledge and minimization of the mother's drug use and refusal to accept responsibility for the abuse and neglect in his home. The court found that petitioner had been provided all possible services and there were no additional services that could overcome the conditions of abuse and neglect. The circuit court's findings were sufficient; thus, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 21, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[12]The relevant portion of that statute states the following:

> The court order shall state:
> (i) That continuation in the home is not in the best interest of the child and why;
> (ii) Why reunification is not in the best interests of the child;
> (iii) Whether or not the department made reasonable efforts, with the child's health and safety being the paramount concern, to preserve the family, or some portion thereof, and to prevent the placement or to eliminate the need for removing the child from the child's home and to make it possible for the child to safely return home, or that the emergency situation made those efforts unreasonable or impossible; and
> (iv) Whether or not the department made reasonable efforts to preserve and reunify the family, or some portion thereof, including a description of what efforts were made or that those efforts were unreasonable due to specific circumstances.